# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 11, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| KAREN D. FULLING | * | |
| *as independent executor of* | * | UNPUBLISHED |
| ESTATE OF ROBERT NEAL FULLING | * | |
| | * | No. 18-1549V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Edward Kraus,* Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Debra A. Filteau Begley*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 5, 2022, Karen D. Fulling as independent executor of the Estate of Robert Neal Fulling ("petitioner") filed for final attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 61). For the reasons discussed below, I **GRANT** Petitioner's motion for final attorneys' fees and costs and award a total of **$57,439.13 in attorneys' fees and costs and $992.03 for costs payable to Karen D. Fulling, as independent executor of Estate of Robert Neal Fulling.**

I.   **Procedural History**

On October 9, 2018, Robert Fulling filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleges that he suffered

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

from myasthenia Gravis ("MG") as a result of receiving the influenza ("flu") vaccine on October 31, 2015. *Id*.

On November 22, 2020, Robert Fulling died and his wife, Karen D. Fulling, was appointed independent executor of his estate by the Probate Court of Bexar, Texas. Motion to Amend Caption, March 29, 2021 (ECF No. 47).

On July 23, 2021, respondent filed a 15-week stipulation order. (ECF No. 53). On November 10, 2021, I entered a Decision on Stipulation. (ECF No. 56). On April 5, 2022, petitioner filed a motion for final attorneys' fees and costs. Petitioner requests reimbursement for their attorneys in the total amount of $61,611.03, representing $46,335.80 in attorneys' fees, $11,103.33 in attorneys' costs, and $4,171.90 in petitioner's costs to establish and administer the probate estate. Fees App. at 1. Respondent filed his response on April 19, 2022, stating that "Respondent is satisfied the statutory requirement for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 63).

The matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for a petition that results in an award of compensation. § 300aa–15(e)(1). This case presented complex issues surrounding vaccine causation and myasthenia gravis ("MG"), a rare neurological condition involving an autoimmune attack on the neuromuscular junction, more specifically the acetylcholine receptors. The issues were addressed by one expert on each side. Compensation was awarded.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.     Attorneys' Fees

Petitioner requests a total of $46,335.80 in various rates of compensation for the attorneys who worked on the case, predominantly Mr. Edward Kraus and Ms. Amy Krause, as well as a paralegal Joyce Westphal. Fees App. Tab A. The attorneys have requested reimbursement for their services from 2017 to 2022, I have reviewed the requested rates from 2017 to 2021 and find them to be in conformance with what Kraus Law Group, Vaccine Injury Law Project attorneys and staff have previously been awarded for their work by myself and other special masters, and I therefore find them reasonable. *See*, e.g., *Henkel v. Sec'y of Health & Hum. Servs.*, No. 15-1048V, 2022 WL 370297, at *3 (Fed. Cl. Jan. 19, 2022); *Piatek v. Sec'y of Health*

2

*& Hum. Servs.*, No. 16-524V, 2021 WL 5755318, at *2 (Fed. Cl. Spec. Mstr. Sept. 20, 2021); *Cantu v. Sec'y of Health & Hum. Servs.*, No. 16-1600V, 2021 WL 5026902, at *2 (Fed. Cl. Spec. Mstr. Sept. 29, 2021); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2770820, at *2– 3 (Fed. Cl. Spec. Mstr. May 16, 2018).

Petitioner requests the following rates for work of her counsel:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|
| **Ed Kraus** | $398 | $409 | $418 | $435 | $458 | $472 |
| **Amy Kraus** | n/a | $327 | $334 | $365 | $384 | $414 |
| **Joyce Westphal (paralegal)** | $145 | $145 | $145 | $160 | $170 | $170 |

In 2015, I authored an extensive decision setting "reasonable" hourly rates for in-forum work on Vaccine Program claims. *McCulloch v. Sec'y of Health & Human Servs.*, No. 9-293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. 2015). My decision in *McCulloch* has been endorsed by all special masters and it guides all determinations of reasonable hourly rates for all attorneys within the forum. The Office of Special Masters has updated the rates in *McCulloch* to account for inflation in subsequent years. [3] Under McCulloch and the fee schedules, the special master first determines how many years the attorney had been practicing law, in the year in which he or she performed certain work. Attorneys with a certain amount of experience may receive rates within a certain range. An attorney's specific rate within that range depends on his or her general legal experience; specific experience practicing in the Vaccine Program; quality of work performed in this and other vaccine cases; and the reputation in the legal community and in the larger community.

Petitioner requests attorney rates for work completed in 2022 at the rate of $472 per hour for Mr. Kraus, and for Ms. Kraus, $414 per hour.[4] Fees App. Tab. B. Mr. Kraus has been a practicing attorney for almost 30 years, and Ms. Kraus has also been a practicing attorney for almost 30 years. Fees App. Tab A at 16-22. Although a rate has not been clearly established in the Vaccine Program for their work as attorneys in 2022, I find their requested rates reasonable in light of their experience in the Vaccine Program.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought.

    **b.**    **Attorneys' Costs**

---

[3] *See* Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed June 13, 2022).

[4] The special masters have found the PPI-OL to be a persuasive as a measure of inflation. See OSM Attorneys' Forum Hourly Rate Fee Schedules 2020, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed June 14, 2022).

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $11,103.33. This amount is comprised of acquiring medical records, postage, copying, and in large part for the work performed by Petitioner's medical expert, Dr. Kinsbourne. The cost outside of Dr. Kinsbourne's services amount to $1,703.33 and are generally reasonable and shall be awarded in full.

### i. Dr. Kinsbourne

Petitioners also request a total of $9,400.00 for their expert Dr. Kinsbourne. His requested rate for all work performed from February 2020 to August 2020, was $500.00 per hour with a $5,000.00 retainer. Fees App. Tab B at 57-58, 61. He billed a total of 18.8 hours of work. *Id*. at 61. The work included review of medical records, review of medical literature, writing one expert report, and reviewing the expert report of Respondent's expert, Dr. Callaghan. *Id*.

Based on my knowledge of the case and Dr. Kinsbourne's detailed invoices, I find the hours expended generally reasonable. Dr. Kinsbourne is neurologist and was qualified to opine on petitioner's diagnosis and vaccine causation. Therefore the costs associated with his work will be paid in full.

### c. Probate Costs

Petitioner finally requests $4,171.90 in costs to cover the cost related to probate, including $2,117.90 to the Jacobson Law Firm to establish Karen Fulling as Independent Executor of Estate of Robert Fulling, in order to be able to move forward with the claim and to have the estate receive damages. Fees App. Tab C at 64. The probate costs also included costs of $2,054.00 to Meyer Capel Professional services to assist with Estate Administration.

In respondent's response to petitioner's motion for final attorneys' fees and costs, respondent outlines that while "fees attributable to probate matters are compensable," in the Vaccine program "the circumstances are unique here, and given that Mr. Fulling's death was not caused by the vaccination, it is not entirely clear that the probate proceedings would have been required in the absence of his Vaccine Act claim." Resp. Response at 4.

In an email included in the Fees Application, Meyer Capel explained that "but for the vaccine claim I would not have been having any of the conversations with attorney Jacobsen or related tasks since the vaccine claim was the only probate asset." Fees App. Tab C at 70. Upon Mr. Fulling's death, Karen D. Fulling, became the legal representative of the Estate of Robert Neal Fulling. Stipulation at 2 (ECF No. 55). The Death Certificate indicates that petitioner died of Covid-19 on November 22, 2020. Pet. Ex. 56.

Respondent cites to the *Bennett* case, which explains that "The Vaccine Act limits the amount of "compensation to cover petitioner's ... costs" to those "incurred in any proceeding on [a Vaccine Act] petition." § 15(e)(1). In cases involving a minor or a decedent, such costs often include those incurred in establishing an estate or guardianship to receive and dispense the

4

award. These costs are generally compensable under the Vaccine Act if establishing the estate or guardianship is "an essential prerequisite condition" to obtaining an award that must "be fulfilled in order for [the] award to be made." *Bennett v. Sec'y of Health & Hum. Servs.*, No. 15-65V, 2017 WL 3816094, at *3 (Fed. Cl. Aug. 7, 2017).

Petitioner first requests reimbursement for the Jacobson Law Firm, for the reasonable costs to establish Mrs. Fulling as the Independent Executor of the Estate of Robert Fulling in order for the estate to receive damages. Fees App. Tab C at 64. Special Masters generally award the reasonable costs of establishing an estate and appointing a representative. *See Durand v. Sec'y of Health & Hum. Servs.,* No. 15-1153V, 2020 WL 639372, at *6 (Fed. Cl. Jan. 16, 2020). I recognize that it was necessary to probate Mr. Fulling's estate in order to proceed with the case as he passed away before the case was resolved, so his wife needed to have authority to proceed on behalf of his estate, and an estate needed to be created to receive the subsequent award. However, review of the billing records suggest that this was a relatively complicated estate for reasons not involving the vaccine claim. Accordingly, I will grant the expense costs of opening the estate of $292.03, and two hours of attorney time at the rate of $350.00 per hour for preparing the application and discussing the issue with counsel for a total award as to estate costs of $992.03, but deny the remainder of the fees for the estate attorneys. Pet. Mot. Tab C at 72.

Petitioner also requests reimbursement for the Meyer Capel professional corporation for estate administration. Fees App. Tab C at 64.  However, costs incurred "without court or respondent involvement" are generally "not incurred 'on a petition' and thus are not compensable under the Program." *Ceballos ex rel. Ceballos vs. Sec'y of Health & Hum. Servs.* , 2004 WL 784910, at *20; *see Mol*, 50 Fed. Cl. at 591 (rejecting a compensation theory under which all " 'but for' expenses would have to be compensable including a wide variety of probate matters"); *Haber ex rel. Haber vs. Sec'y of Health & Hum. Servs.*, 2011 WL 839111, at *2 (noting that "compensation is unavailable for myriad legal implications unrelated to the vaccine petition" (emphasis removed)). Therefore, the costs for those services will not be reimbursed and petitioner's costs will be reduced by $2,054.00.

### III.    Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $46,335.80 |
| **Attorneys' Fees Awarded:** | **$46,335.80** |
| | |
| Attorneys' Costs Requested: | $11,103.33 |
| **Attorney's Costs Awarded:** | **$11,103.33** |
| | |
| Total Attorneys' Fees and Costs Requested: | $57,439.13 |
| **Total Attorneys' Fees and Costs Awarded:** | **$57,439.13** |

| | |
|---|---|
| Total Petitioner's Costs Requested: | $4,171.90 |
| Total Petitioner's Costs Reduced: | -$3,179.87 |
| **Total Petitioner's Costs Awarded:** | **$992.03** |

Accordingly, I award the following:

1) **a lump sum in the amount of $57,439.13, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and the Kraus Law Group, LLC., and $992.03, representing reimbursement for petitioner's own costs made payable to Karen D. Fulling, as independent executor of Estate of Robert Neal Fulling.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).